IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUADHDHIN BEY-COUSIN, <br><br> *Plaintiff,* <br><br> v. <br><br> **OFFICER ERNEST POWELL, et al.,** <br><br> *Defendants.* | Case No.   2:19-cv-01906-JDW |

# ORDER

**AND NOW**, this 9th day of November, 2021, upon consideration of Plaintiff's Motion *In Limine* To Preclude All Evidence Of Plaintiff's Musical Lyrics, Album Art, Song Titles, And/Or Album Titles (ECF No. 50 (miscaptioned as "Plaintiff's Motion *In Limine* To Preclude All Evidence Of Plaintiff's Criminal Convictions")), for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**.

It is **FURTHER ORDERED** as follows:

1. Defendants' Motion *In Limine* To Preclude Evidence Of Misconduct Or Discipline (ECF No. 46) is **GRANTED** as unopposed pursuant to L. R. Civ. P. 7.1(c);

2. Defendants' Motion *In Limine* To Preclude Evidence of Philadelphia Police Department Policies/Directives And 30(b)(6) Testimony (ECF No. 47) is **GRANTED** for the following reasons:

   a. Philadelphia Police directives concerning pedestrian stops are not relevant to the question of whether Officers Powell and Cherry violated Mr. Bey-

Cousin's constitutional rights when they stopped him because a violation of a local policy does not demonstrate a violation of a constitutional right, nor does compliance with a local policy demonstrate compliance with a constitutional right (*see Grazier ex rel. White v. City of Phila.*, 328 F.3d 120, 127 (3d Cir. 2003);

   b. Even if the directives concerning pedestrian stops were relevant, the Court would exclude them under Fed. R. Evid. 403 because the risk of unfair prejudice and jury confusion from conflating compliance with a local directive and compliance with a Constitutional norm substantially outweighs the directives' probative value;

   c. Philadelphia Police directives concerning firearms and chain of custody are not relevant to this case because they do not support the inference that Mr. Bey-Cousin seeks to draw, which is that if officers did not comply with the departmental chain-of-custody directives, then it is more likely that they planted a gun on Mr. Bey-Cousin;

  3. Defendants' Motion *In Limine* To Preclude Evidence Of The Third Circuit's Opinion In Plaintiff's Criminal Matter (ECF No. 48) is **GRANTED** for the following reasons:

   a. The fact that the Third Circuit reversed Mr. Bey-Cousin's conviction and, therefore, ended criminal proceedings in his favor is relevant, but the Third Circuit's reasoning in reaching that conclusion is not relevant because a finding of no probable cause in a criminal proceeding is not ordinarily binding in a subsequent § 1983 action (*see Jackson v. City of Philadelphia*, 2013 WL 101779, at *1 (E.D. Pa.

Jan. 8, 2013) (*citing Murphy v. Bendig*, 232 Fed. Appx. 150 (3d Cir.2007); *Smith v. Holtz*, 210 F.3d 186, 199 (3d Cir. 2000); and *Sanders v. City of Philadelphia*, 209 F. Supp. 2d 439, 442 (E.D. Pa. 2002)));

      b.     Because Officers Powell and Cherry were not parties to the criminal proceedings in the Third Circuit, the Third Circuit's decision is not binding upon them;

      c.     The risk of unfair prejudice because the jury will place undue weight on the Third Circuit's reasoning, rather than conducting its own fact-finding exercise, substantially outweighs any probative value from the Third Circuit's opinion; and

      d.     Defendants' willingness to stipulate to the fact that there was an underlying criminal prosecution that ended in Mr. Bey-Cousin's favor enables Mr. Bey-Cousin to satisfy the elements of his claim while avoiding the risk of prejudice that the opinion will cause; as does the possibility that Mr. Bey-Cousin will testify about the proceedings and their resolution in his favor; and

4.     Plaintiff's Motion *In Limine* To Preclude All Evidence Of Plaintiff's Criminal Convictions (ECF No. 49) is **GRANTED** because the Court concludes that (a) evidence of Mr. Bey-Cousin's prior felony convictions is not probative of any fact in dispute, (b) the unfair prejudice to Mr. Bey-Cousin of the jury hearing about those prior convictions and assuming that he was therefore more likely to carry a weapon substantially outweighs the minimal probative value that the convictions have, and (c) Federal Rule of Evidence 404 bars the admission of Mr. Bey-Cousin's prior

convictions because Defendants' motive argument makes little sense and does not justify the admission of the conviction.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.